# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ZACHERY WEDGEWORTH, AIS 162806, | : | |
| Plaintiff, | : | |
| vs. | : | CA 12-0010-CG-C |
| CORIZON HEALTH, INC., et al., | : | |
| Defendant. | | |

## REPORT AND RECOMMENDATION

This civil rights action, filed pursuant to 42 U.S.C. § 1983, has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action based upon plaintiff's failure to prosecute this action and comply with the Court's May 9, 2013 order.

## FACTS

From its review of the record, the Court summarizes the facts material to the issues addressed in this report and recommendation. In his complaint filed January 9, 2012, plaintiff contends he "came down" with a chronic back injury on or about 2009. (Doc. 1, Complaint, at 4.) Plaintiff further alleges that in 2010 he received an MRI and was taken to a freeworld hospital in Mobile, Alabama in September of 2011. Plaintiff contends that the doctor at the freeworld hospital described the injury as a herniated disk in plaintiff's spine and that the injury should "heal itself." (*Id.*) Plaintiff complains that the injury has yet to heal itself and each defendant named has declined to authorize

an operation for the injury to his spine.[1] (*Id.*) The plaintiff additionally complains that he is required to pay a medical co-pay of $3.00 for his chronic condition each time he gets "on sick-call about it." (*Id.* at 5.)

The Defendants answered the complaint on May 9, 2013 (Doc. 17) and filed a special report concurrently therewith. (Doc. 17.) On May 9, 2013, the Court entered an order converting the defendants' answer (Doc. 18) and special report (Doc. 17) into a motion for summary judgment. (Doc. 19.) Plaintiff was ordered to inform the Court in writing by June 13, 2013, if he desired to continue the litigation of this action and to inform the Court in writing of any pending requests or motions which plaintiff had previously filed with this Court and which had not been resolved by the parties or ruled upon by the Court. (Doc. 19, at 3.) Wedgeworth was warned that failure to respond by June 13, 2013, would be considered by the Court as an abandonment of the prosecution of this case by the plaintiff and the case would be dismissed. (*Id.* at 3.) As of this date, Wedgeworth has not responded in any manner to the Court's conversion order. (*See* Docket Sheet.)

## CONCLUSIONS OF LAW

An action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–631, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not

---

[1] Beginning in or around September 2009, Plaintiff expressed discomfort in his lower back to the prison medical staff. (Doc. 17, Exhibit 3, Affidavit of Pamela Barber, M.D., at 5.) On or around January 26, 2010, plaintiff was examined by Dr. Tessema who listed various pain medications which plaintiff reported as not fully alleviating his symptoms. (*Id.*) Between January 26, 2010 and May 7, 2013, the plaintiff's medical records reflect that he placed sick calls—a non-emergency medical complaint—on seven different occasions. (*See id.* at 6-9.) Every sick call placed by the plaintiff was responded to by the prison's medical staff with assistance and reasonable medical treatment. (*Id.* at 10.) Plaintiff had several visits to off-site physicians and MRIs before surgery was recommended. (*See id.* at 6-9.) After each sick call, the plaintiff was either given pain medication or he was given an appointment with an off-site physician. (*Id.*) On March 20, 2013 Dr. Hood approved an off-site physician's recommendation for a surgical procedure and Dr. Barber is in the process of scheduling this surgery. (*Id.* at 9.)

to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'"); *Blunt v. U.S. Tobacco Co.*, 856 F.2d 192 (6th Cir. 1988) (unpublished) (affirming district court's dismissal of *pro se* plaintiff's action for failure to prosecute when plaintiff failed to respond to the summary judgment notice or to show cause why the action should not be dismissed). The Eleventh Circuit has specifically held that a "district court may *sua sponte* dismiss a case under Rule 41(b)." *Brutus v. Internal Revenue Service*, 393 Fed. Appx. 682, 682 (11th Cir. Aug. 23, 2010), citing *Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also Sanders v. Barrett*, 2005 WL 2640979, *1 (11th Cir. Oct. 17, 2005) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute."). "*Sua sponte* dismissal is appropriate 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'" *Brutus*, *supra*, quoting *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009).

Plaintiff failed to respond in writing whether he desired to continue the litigation of this action by June 13, 2013 after being informed that his failure to respond would result in entry of a recommendation that this cause be dismissed. (*See* Doc. 19, at 3.) Wedgeworth's response to the motion for summary judgment was necessary in order for this Court to ensure it had all the essential information needed for consideration of the motion for summary judgment. Because plaintiff felt that it was unnecessary for him to respond in writing by June 13, 2013, the undersigned recommends that the Court **DISMISS** Wedgeworth's civil rights action pursuant to Fed.R.Civ.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant

may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."), due to his failure to prosecute this action by obeying this Court's lawful order dated May 9, 2013.[2]

## CONCLUSION

Based upon the foregoing, it is recommended that Zachery Wedgeworth's complaint (Doc. 1) filed pursuant to 42 U.S.C. § 1983, be **DISMISSED** due to his failure to prosecute this action by obeying the Court's order dated May 9, 2013.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1);

---

[2] In truth, the end for plaintiff would be the same if this Court simply dismissed this action without prejudice because the claims against defendants are not meritorious. The Supreme Court has held that a prison official cannot be found deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, plaintiff only alleges that the prison staff should have done more to treat his injuries. But, in order to receive relief based on deliberate indifference of responsible officials, an inmate must establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor v. Adams*, F.3d 1254, 1258 (11th Cir. 1985). The plaintiff has failed to establish that prison officials violated his Eighth Amendment rights. Additionally, the imposition of co-payment fees upon an inmate for non-emergency medical care is constitutional because it does not deprive prisoner of any protected constitutional right. *See Mathis v Glover*, 2008 WL 3929797 * 9 (M.D. Ala. August 25, 2008) ("The mere fact that an inmate is assessed a co-payment for medical treatment does not in any way deprive him of a protected right, privilege or immunity"); *see also Bester v. Dr. Wilson*, 2000 WL 1367984 at * 8 (S.D. Ala. August 18, 2000) ("[T]he charging of a fee to prisoners for medical treatment from their funds has been held to be constitutional when challenged on several due process and Eighth Amendment grounds."); *see also Weaver v. Mobile County*, 228 Fed. Appx. 833 (11th Cir. 2007) (no evidence that the policy prevented the inmate from receiving any necessary emergency care).

FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of August, 2013.

                          s/WILLIAM E. CASSADY
                        **UNITED STATES MAGISTRATE JUDGE**